Carl L. SHIPLEY, Plaintiff-Respondent,

v.

BANK BUILDING & EQUIPMENT CORP. OF AMERICA, Defendant-Appellant.

No. 41549.

Missouri Court of Appeals,
Eastern District,
Division Four.

Oct. 20, 1981.

Motion for Rehearing and/or Transfer to Supreme Court Denied Dec. 16, 1981.

Application to Transfer Denied
Feb. 16, 1982.

Lewis C. Green and Richard D. Lageson, St. Louis, for plaintiff-respondent.

Fred Leicht, Jr. and Richard B. Scherrer, St. Louis, for defendant-appellant.

SIMON, Judge.

Defendant, Bank Building & Equipment Corporation of America (Bank Building), appeals from a summary judgment on a note in favor of plaintiff, Carl L. Shipley. In granting the motion for summary judgment the court awarded plaintiff the face value of the note, $31,000, plus interest of 6% per annum from September 24, 1964. The Court's judgment was entered in the alternative sustaining plaintiff's motion for summary judgment on Count II of his petition and in the event the judgment on Count II was reversed by this court then judgment was entered on Count I of plaintiff's petition. Count II of the petition alleged that payment on the note was due when defendant received a "permanent loan" commitment and that defendant had received the commitment but had refused to pay the note. Count I alleged that payment of the note was due under the terms of a contract executed by plaintiff and defendant.

Defendant contends the trial court erred in granting the summary judgment because there was a genuine issue of material fact and in failing to require joinder of James Blanchard as a plaintiff since he was also an interested party. We affirm.

The record indicates that the events culminating in this controversy began in 1961. Early in that year plaintiff and defendant agreed to collaborate on the construction of an apartment complex on Paradise Island, Florida. Defendant agreed to handle the construction phase of the project while plaintiff, acting through Meadowlark Enterprises, Inc., managed the financial phase.

In November, 1961 the FHA[1] agreed to insure a construction loan by Stockton, Watley, Davin & Co. to Meadowlark Enterprises, Inc. for $3,090,700.00. The loan and the mortgage were assigned to Manhattan Savings Bank (Manhattan). Meanwhile, apparently dissatisfied with plaintiff's efforts, defendant decided to assume total sponsorship of the project by purchasing from plaintiff and one James Blanchard all their interests in Meadowlark Enterprises, Inc. Payment for plaintiff's and Blanchard's interest was made in the form of $10,000 cash and a promissory note for $31,000. In the note, L. J. Orabka, president of defendant, Bank Building, promised to pay $31,000 to plaintiff[2] "when the building loan mortgage in connection with FHA Project No. 967–30081, Meadowlark Enterprises, Inc., Paradise Island Towers, Treasure Island, shall have been consolidated in a final mortgage insured by FHA or said project has been sold to an independent investor and fully paid for."

Construction of the project continued with advances on the loan amount being dispersed to defendant and insured by the FHA pursuant to provisions of a "Building Loan Assignment." On September 24, 1964, Manhattan declared the project essentially complete and made the final disbursement of funds from the loan. On that same date Manhattan acquired FHA's "final endorsement" of the mortgage note in accordance with FHA's Certificate of Insurance thereby securing insurance by the FHA on the full amount of the loan. On October 30, 1964 L. H. Guinger, secretary-treasurer of Meadowlark Enterprises, Inc. notified Manhattan that Meadowlark was abandoning the Paradise Island Towers project because the corporation was unable to make the project a success as either a cooperative or as a rental unit. On November 19, 1964 the FHA notified defendant it would not permit abandonment of the project. Subsequently an agreement was reached whereby the FHA would purchase all real and personal property associated with the project in exchange for satisfaction by the FHA of the mortgage indebtedness.

Although a drastic remedy, which should be used cautiously, a summary judgment is proper when the pleadings, depositions, exhibits and admissions on file, together with

---

1. Federal Housing Administration.

2. Blanchard was not a named payee.

**454**

affidavits, if any, show there is no genuine issue of material fact and that the movant is entitled to a judgment as a matter of law. *Hurwitz v. Kohm*, 516 S.W.2d 33, 36 (Mo.App.1974). Defendant argues the sequence of events here, at the very least, raises the questions of whether the events upon which payment of the note were conditioned have occurred and therefore, the summary judgment was improperly granted.

■ The only material issue in this case was whether either event triggering plaintiff's right to payment of the note had occurred. The language of the note, when attributed its usual and ordinary meaning, is unambiguous and therefore, "not in need of construction arising out of extrinsic evidence bearing upon the intention of the parties." *Willman v. Beheler*, 499 S.W.2d 770, 774 (Mo.1973). The language of the note clearly requires payment upon the occurrence of either event. The record clearly establishes the occurrence of one of the conditions precedent, i.e., consolidation into a final insured mortgage. This consolidation of the building loan into a final mortgage insured by the FHA is evidenced by the document entitled "Request For Final Endorsement of Credit Instrument", which shows the dates and amounts of building fund disbursements aggregating the full amount of the loan and the mortgage note which bears the endorsement of the FHA's representative insuring the final mortgage in the amount of $3,090,700.00. Neither party disputes this evidence and this evidence clearly warrants the summary judgment in plaintiff's favor. The defendant's point is not well taken.

■ Defendant next alleges that the trial court erred in granting a summary judgment in plaintiff's favor for the reason that James Blanchard was a necessary and indispensable party under Rule 52.04. Defendant raises this issue for the first time on appeal. This is permissible under Rule 55.-27(g)(2) only if Blanchard is a party indispensable to the suit. Defendant does not claim Blanchard was an indispensable party but merely that he was a "real party in interest" and should have been joined as plaintiff. Defendant may not raise for the first time on appeal the complaint that all real parties in interest have not been joined. *State ex rel. Community Heating & Air Conditioning Co. v. Schwartz*, 452 S.W.2d 243 (Mo.App.1970). In any event defendant's contention lacks merit because plaintiff, as the only payee and holder of the note, was the proper party to maintain the suit. See *Schneider v. Best Truck Lines, Inc.*, 472 S.W.2d 655, 660 (Mo.App.1971). Defendant's point cannot be sustained.

Judgment affirmed.

SATZ, P. J., and SMITH, J., concur.