**G.A. BUDER, III, Respondent,**

v.

**Robert E. MARTIN, d/b/a R.E.M. Construction, Appellant.**

**No. 44160.**

Missouri Court of Appeals,
Eastern District,
Division One.

July 26, 1983.

Motion for Rehearing/Transfer to Supreme Court Denied Sept. 15, 1983.

each instruction.

Joseph Howlett, Shaw, Howlett & Schwartz, Ronald J. Kaden, St. Louis, for appellant.

Samuel T. Vandover, St. Louis, for respondent.

STEPHAN, Judge.

Defendant Robert E. Martin, d/b/a R.E.M. Construction, appeals from a judgment based on a breach of contract claim in which a jury awarded plaintiff G.A. Buder, III, $16,000 in damages. We affirm.

Plaintiff, an owner of farm land in Pacific, Missouri, entered into two written contractual agreements with defendant on December 2, 1974. By the terms of the contracts, plaintiff engaged defendant to build a five to eight acre lake and a ⅛ to ½ acre pond on plaintiff's property for $12,000 and $1,250, respectively. The excavation began in December, 1974, and the project was completed in May, 1975.

In the process of building the lake, defendant constructed a dam, which sloped in the center, forming a large "U" shape. Because the center of the dam was not sufficiently higher than the spillway on the side, excess water caused by heavy rains on March 27 and 28, 1977, flowed over the top of the dam, instead of being channeled off to the side. As a result, a large portion of the dam washed out, knocking down plaintiff's fence and destroying part of the adjoining road. When defendant constructed the small pond, all the dirt was removed down to porous bedrock; consequently, the pond did not hold water.

The defendant argues on appeal that the trial court erroneously submitted instruction number 5 (MAI 26.02), which directed the jury to find for plaintiff if it believed:

First, Defendant did not build the lake and pond in a workmanlike manner, and

Second, because of such failure, Defendant's contract obligations were not substantially performed, and

Third, Plaintiff was thereby damaged.

■ Defendant claims it was error to give this instruction because it assumes the existence of a contract that has uncontested terms. Defendant maintains that the terms of the contracts to "build" a lake and a pond are in dispute and render the contract ambiguous for purposes of this point on appeal. Instead, defendant would have the trial court submit MAI 26.06, used when the contractual terms and breach are in issue. We conclude that the trial court properly submitted MAI 26.02.

In both the contract for building the lake and the pond, defendant was required to complete all work "in a workmanlike manner according to standard practices." The defendant argues that he entered into a contract for labor, not materials, and the "workmanlike manner" clause does not expand the agreement into a "multi-year guaranty of engineering construction and planning." We do not believe that the terms of the contracts render the agreement unclear.

■ Ambiguity does not arise from a contract merely because the parties disagree as to how the contract should be construed. *J.E. Hathman, Inc. v. Sigma Alpha Epsilon Club,* 491 S.W.2d 261, 264 (Mo. banc 1973); *Von Seggern v. 310 West 49th Street, Inc.,* 631 S.W.2d 877, 882 (Mo.App. 1982). When there is no ambiguity in the document, it is the responsibility of the court, not the jury, to state its clear meaning. *J.E. Hathman, Inc., supra.* This the trial court properly did. The clause of the contract requiring the lake and pond to be completed in a workmanlike manner "was an express specification of the contract and one that would have been implied had it not been expressly stated." *Hotchner v. Liebowits,* 341 S.W.2d 319, 326 (Mo.App.1961).

Defendant misplaces his reliance on *Braun v. Lorenz,* 585 S.W.2d 102 (Mo.App. 1979), in arguing that MAI 26.02 was improperly submitted to the jury. The court in *Braun* held that MAI 26.06, not 26.02, was the appropriate instruction where issue was joined as to what the basic agreement was. One party argued that the contract was for payment in settlement of respondent's claims, and the other argued that the contract was to purchase respondent's stock. The dispute existed as to the very essence of the parties' obligations, absent express contractual terms. MAI 26.02 is intended to be used in situations "where the existence and terms of the contract are undisputed and the jury is to decide only the issues of breach and resultant damages." *Reed Stenhouse, Inc. v. Portnoy,* 642 S.W.2d 947, 951 (Mo.App.1982). So it is here.

There was ample evidence that the basic requirement for "building a lake" in the topographical setting of plaintiff's farm was the construction of a dam with a spillway on the side so that excess water could escape without topping the dam, thereby causing it to erode. With respect to the pond, it was clear that its purpose was to hold water, and the jury could find that removal of all soil down to porous rock defeated that purpose. In short, completion of the construction "in a workmanlike manner" would have required proper location of

the spillway and avoidance of the leakage problem in the pond. We have no doubt that defendant understood what he agreed to construct and that the workmanlike standards of the industry were the terms of performance. We conclude, therefore, that MAI 26.02 was properly submitted to the jury. Defendant's point is denied.

The defendant contends in his second point on appeal that the trial court erroneously disallowed certain testimony by defendant. After several attempts by defense counsel to ask defendant what his understanding of the agreement with plaintiff was, the trial court sustained plaintiff's objections that "the instrument speaks for itself." The defendant argues that excluding such testimony was erroneous, because it was admissible to explain the meaning of a "patently ambiguous contract."

■ In failing to make an offer of proof, defendant failed to preserve this point for review. *Elliott v. Richter,* 496 S.W.2d 860, 864 (Mo.1973); *United States Fire Insurance Co. v. Madesco Investment Corp.,* 573 S.W.2d 442, 443 (Mo.App.1978).

■ Defendant tells us in his brief what Mr. Martin would have said, had he been allowed to testify. The brief was, of course, not before the trial court; but taking the representations at face value, we conclude that the testimony was inadmissible. According to his brief, defendant was merely an excavator who was "hired . . . to provide labor only to build a dam under the instructions of the landowner." The trial court did not accept this approach to the relationship between plaintiff and defendant, and we are of the opinion that such an approach would be at odds with the clear wording of the contracts relating to the construction of the lake and the pond respectively. In each instrument, defendant promised to construct the improvement "in accordance with above specifications." The specifications of the lake provided that it would be "approximately 5 to 8 acres in size, 20 feet to 23 feet deep. . ." The pond was to be "approximately ⅓ to ½ acre in size, 10 feet to 12 feet deep. . ." As mentioned, the contracts provided that, "All

work (was) to be completed in a workmanlike manner according to standard practices." The terms of the contracts themselves contradict the position defendant sought to adopt at trial, i.e. that he was merely employed as a laborer. The subject matter of the contracts was not defendant's labor alone, but the *product* of that labor. The question for the jury was whether that product was the result of "workmanlike" efforts. Defendant's testimony as to how he viewed the business relationship between himself and plaintiff, in light of the wording of the contracts, was irrelevant and properly excluded by the trial court. The contracts were not ambiguous and required no extrinsic evidence to aid in their construction. See *Willman v. Beheler,* 499 S.W.2d 770, 774 (Mo.1973); *Shipley v. Bank Bldg. & Equipment Corp.,* 629 S.W.2d 452, 454 (Mo.App.1982); *L & K Realty Co. v. R.W. Farmer Const. Co.,* 633 S.W.2d 274, 278 (Mo.App.1982).

The defendant next argues that the trial court committed prejudicial error in submitting instruction number 3 (MAI 3.01). The instruction was submitted as follows:

In these instructions, you are told that your verdict depends on whether or not you believe certain propositions of fact submitted to you. The burden of causing you to believe a proposition of fact is upon the party whose claim or defense depends upon that proposition. In determining whether or not you believe any such proposition, you must consider only the evidence and the reasonable inferences derived from the evidence. If the evidence in the case does not cause you to believe a particular proposition submitted, then you cannot return a verdict requiring belief of that proposition.

The defendant maintains that the phrase "or defense" used in the second sentence of the instruction is bracketed in MAI, with a footnote stating that the bracketed phrase should be used when an affirmative defense is submitted. The defendant asserts that, as it pleaded no affirmative defense, use of this instruction created a burden on defendant of proving such a defense.

At the time of trial, January 22, 1981, the 1979 revision of MAI 2d 3.01 (Supp.1980) was in effect. This version of MAI 3.01 was mirrored exactly in instruction number 3. No bracketing of the phrase "or defense" appeared in the 1979 revision. The defendant mistakenly bases its argument on the 1981 revision of 3.01, which did not become effective until March 1, 1981, by Missouri Supreme Court Order dated September 23, 1980. Under the terms of that order, it would not have been presumptive error to have used the 1981 revision form prior to the effective date, but it was clearly not error to use the 1979 form prior to March 1, 1981. 604 S.W.2d XLIII–XLVII. It was not error to give the instruction in the form that bore the Supreme Court's approval at the time of the trial. Rule 70.02(b), (c).

Defendant's final point is that the trial court erred in admitting into evidence certain bills and cancelled checks. Plaintiff had identified these documents as representing expenses he had incurred in repairing damage to fences and a roadway caused by the failure of the dam and in attempting to seal the bottom of the pond so that it would hold water. The cancelled checks corresponded to the bills, and plaintiff testified to the total amount expended on the projects. Defendant argues that the bills and the checks reflecting payment of each are hearsay and that their admission warrants reversal. The documents, identified as they were by plaintiff, are not hearsay but explications of plaintiff's testimony on the issue of his damages. It is a familiar principal that when an utterance, oral or written, is offered to prove the truth of the fact asserted the credit of the assertor must be subject to cross examination, or the utterance is vulnerable to a hearsay objection. *Jordan v. Robert Half Personnel Agencies of Kansas City, Inc.,* 615 S.W.2d 574, 583 (Mo.App.1981); *Mash v. Missouri Pacific Railroad Co.,* 341 S.W.2d 822, 827 (Mo.1960). Here, plaintiff could properly testify, and be cross examined, concerning the expenditures he made for repairs after the collapse of the dam and in an effort to seal the pond. The bills and the checks plaintiff issued for their payment were simply documentary illustrations of his testimony, and their admission could in no way constitute prejudicial error. Cf. *Cole v. Cole,* 532 S.W.2d 508, 510 (Mo.App.1975). Defendant's point is without merit.

The judgment is affirmed.

STEWART, P.J., and CRANDALL, J., concur.