**Michael STEFFENS and Darlene Steffens, Plaintiff-Respondent,**

v.

**PARAMOUNT PROPERTIES, INC., Defendant-Appellant.**

No. 46308.

Missouri Court of Appeals, Eastern District, Division Four.

March 20, 1984.

Brian A. McKinsey, Taylor, Schumaier & Sluggett, Clayton, for defendant-appellant.

William R. Hirsch, Hirsch & Rauscher, Clayton, for plaintiff-respondent.

GAERTNER, Presiding Judge.

On November 4, 1977, plaintiffs, Michael and Darlene Steffens, and defendant, Paramount Properties, Inc., executed a contract whereby plaintiffs agreed to purchase a lot and house in a subdivision being developed by defendant. Plaintiffs moved into the house on July 1, 1978, and began to discover numerous construction defects. Subsequently, they instituted this action against defendant alleging, among other charges voluntarily dismissed before trial, that the house was defectively constructed

and that defendant had breached the contract. A jury found in favor of plaintiffs and assessed their damages in the sum of $5,278 and judgment in that amount was duly entered against defendant.

Defendant does not challenge the sufficiency of the evidence. It asserts, as grounds for reversal, that plaintiffs' verdict directing instruction and the measure of damages instruction were erroneous.

Plaintiffs submitted their case to the jury under Instruction No. 6 which reads:

Your verdict must be for plaintiffs if you believe:

First, defendant Paramount Properties, Inc., did not construct plaintiffs' residence in a workmanlike manner, and

Second, because of such failure, defendant's Paramount Properties, Inc., contract obligations were not performed, and

Third, plaintiffs were thereby damaged.

This instruction is based on MAI 26.02 (1980 Rev.) entitled "Verdict Directing—Breach of Bilateral Contract—Breach Sole Issue." Defendant argues this instruction improperly submits breach of implied warranty under the guise of breach of contract and that the phrase "workmanlike manner" should have been defined.

■ In *Buder v. Martin*, 657 S.W.2d 667 (Mo.App.1983) this court approved an instruction virtually identical to Instruction No. 6. *Buder* involved a breach of contract submission for failure to construct a lake and pond in a workmanlike manner. Citing *Hotchner v. Liebowits*, 341 S.W.2d 319, 326 (Mo.App.1960), we noted that the requirement of performance of a construction contract in a workmanlike manner "was an express specification of the contract and one that would have been implied had it not been expressly stated." *Buder*, 657 S.W.2d at 669. Such a requirement is referred to as "implied condition" of a construction contract in *Pitzer v. Hercher*, 318 S.W.2d 397, 399 (Mo.App.1958) and is described in *Ribando v. Sullivan*, 588 S.W.2d 120, 123 (Mo.App.1979) as both a condition of the contract and as an implied warranty

of the contractor. In *Ribando* the appellant argued that the submission of the case on a breach of contract theory was a departure from the pleaded allegations of breach of the implied warranty of habitability. The court rejected this argument and approved the submission of breach of contract based upon a breach of "an implied warranty or condition of good workmanship." *Id.* at 123[2]. As in *Ribando*, plaintiffs here presented detailed expert testimony regarding each of the defective conditions including qualified opinion testimony that the defects were a result of poor workmanship. This evidence is sufficient to authorize submitting the case to the jury under either a breach of contract theory or under the theory of breach of the implied warranty of habitability, a tort concept. *See Smith v. Old Warson Development Co.*, 479 S.W.2d 795, 800 (Mo. banc 1972).

■ Defendant's contention that the court erred in failing to define "workmanlike manner" is neither supported by citation of authority nor is the point developed in the argument portion of defendant's brief. Accordingly, the point is deemed abandoned and nothing is preserved for appellate review. *Berry v. Federal Kemper Insurance Co.*, 621 S.W.2d 948, 952 (Mo.App.1981). Moreover, two cases cited above, *Buder* and *Pitzer*, are but examples of the frequent instructional use of the phrase "workmanlike manner" without definition. Words in instructions which have common usage and which are generally understood need not be defined. *Huff v. Union Electric Co.*, 598 S.W.2d 503, 510 (Mo.App.1980). We note the absence from the record before us of any request to the trial court by defendant for an instruction defining "workmanlike manner." The point is without merit.

■ Defendant's second point challenges the propriety of plaintiff's damage instruction taken from MAI 4.01 (1980 Rev.) Having chosen to submit their case on the breach of contract theory, plaintiffs are entitled to recover as damages only a sum which is the equivalent of performance of the bargain—to be placed in the position

they would be in if the contract had been fulfilled in a workmanlike manner. *Hensic v. Afshari Enterprises, Inc.*, 599 S.W.2d 522, 524 (Mo.App.1980) states as follows:

> When a building contractor breaches his contract by defective performance, ... two methods are commonly used to measure the resulting damages. One method, called 'cost of repair' is, as its name implies, the cost of repairing the defective work. 5 Corbin, Contracts, § 1089 (1964); Restatement of Contracts, § 346(1)(a) (1932). The second method, called 'diminution in value,' is the difference between the value of the building as promised and its value as actually constructed. *See Kahn v. Prahl*, 414 S.W.2d 269, 282–283 (Mo.1967); *Hotchner v. Liebowits*, 341 S.W.2d 319, 332 (Mo.App.1960). The particular facts of each case determine which measure of damages is to be used.

The basic rule is that plaintiffs are entitled to recover whichever is lower as between the cost of repair and the diminution of value. *Ribando v. Sullivan*, 588 S.W.2d at 124. The proper jury instruction for the submission of the question of damages is MAI 4.02, whether the evidence shows cost of repairs, diminution of value or both. *Id.* at 126; *Sands v. R.G. McKelvey Building Co.*, 571 S.W.2d 726, 732 (Mo. App.1978). As stated in *Sands*, "[b]y instructing the jury to 'fairly and justly compensate' plaintiffs should it find in their favor (MAI 4.01) rather than to award [the cost of repair] (MAI 4.02) the trial court provided an unfocused instruction which could permit the jury to gloss over that question altogether." *Id.* at 731.

Under Rule 70.02(b) and (c), the giving of MAI 4.01 rather than MAI 4.02 was error and we must determine its prejudicial effect. The plaintiffs' evidence showed the cost of repairing each of the numerous defects to be a total of $4,658.60. The evidence did not establish any specific amount of diminution of market value. The jury verdict was in the sum of $5,278. That the verdict exceeded the amount of damages as shown by the evidence is an obvious indication that the defendant was prejudiced by the instruction to "fairly and justly compensate the plaintiffs" rather than to award them a sum found "to be the reasonable cost of repair."

If this case involved a single defect in construction we would, in the interest of judicial economy and efficiency, exercise our prerogative under Rule 84.14 to enter judgment in an amount equal to the damages proved. However, in view of the multiplicity of defects described in the evidence, we are unable to determine which were believed by the jury and which were not. The jury may have accepted plaintiffs' evidence in its entirety and awarded $619.40 for consequential damages, which are not properly recoverable damages for breach of contract.[1] On the other hand, the jury may have rejected or disbelieved some of the evidence regarding particular defects or the cost of repairing one or more of them and improperly awarded a larger sum for consequential damages. Since we are unable to ascertain the basis underlying the amount of the verdict, we are unable to "give such judgment as the court ought to give." Rule 84.14. However, the instructional error which requires the remanding of this case to the trial court affects only the issue of damages and does not affect the issue of liability. Accordingly, the judgment entered in favor of plaintiffs and against defendant is affirmed, but the cause is remanded to the trial court for a new trial on the issue of damages only.

Defendant's motion to assess the cost of the transcript against plaintiffs is overruled as the issues determined did necessitate our review of the evidence. However, in view of the decision affirming in part and reversing in part, we order the

---

1. Defendant assigned as error in its motion for new trial the overruling of its objection to the argument of plaintiffs' counsel that plaintiffs were entitled to $7,500 damages. This point has not been briefed or argued here and is abandoned. *Hastings v. Coppage*, 411 S.W.2d 232, 235 (Mo.1967).

costs on appeal to be equally divided between plaintiffs and defendant.

SMITH and HOUSER, JJ., concur.