**RIBERGLASS, INC., Plaintiff-Appellant,**

v.

**Donald GIESLER, et al.,**
**Defendants-Respondents.**

**No. 51045.**

Missouri Court of Appeals,
Eastern District,
Southern Division.

Nov. 18, 1986.

James G. Freer, Flat River, for plaintiff-appellant.

Kim Roger Moore, Perryville, for defendant-respondent.

DOWD, Judge.

Plaintiff-appellant Riberglass, Inc. received a jury verdict in the amount of $35,-907.54 against defendant-respondent Donald Giesler, an officer of Perry Industries, based on an "unconditional guaranty" agreement executed by respondent to guarantee the accounts of Perry Industries. The court entered judgment thereon and afterwards granted appellant's motion to assess and add interest to the judgment in the amount of $10,354.50.

Respondent thereafter filed a motion for new trial. On January 2, 1986, the court granted respondent's motion. Plaintiff Riberglass, Inc. appeals.

Contrary to Rule 78.03, the court failed to specify the grounds on which the new trial was granted. In accordance with Rule 84.05(b), appellant filed a motion to require respondent to file the first brief, which this court granted. Rule 84.05(b) provides for a burden shift where the trial court fails to specify the grounds for new trial: "the presumption shall be that the trial court erroneously granted the motion for new trial and the burden of supporting such action is placed on the respondent."

Respondent contends the trial court erred, and therefore correctly granted his motion for new trial, in that: 1) Instruction No. Six assumed controverted facts necessary for a jury to find for appellant and that the court should have accepted instead Instruction No. X, offered by respondent, since it contained all of the necessary elements of a guaranty action; 2) The trial court failed to submit an instruction defining the term "guaranty."

Plaintiff-appellant Riberglass, Inc. is a seller of fiberglass raw materials to suppliers, such as Perry Industries. Riberglass began selling items to Perry Industries in 1978 on a C.O.D. basis. Mr. Barker, credit manager for appellant, testified he received a credit application from Perry Industries in June 1979. The credit application was rejected because Perry Industries' payment history with their other suppliers had not been good.

Mr. Barker testified he notified Robert Moore, an officer of Perry Industries, of the decision not to extend credit. He also testified he told Mr. Moore he would need personal guaranties from the officers of the company before credit could be extended. Mr. Moore testified he did not remember such a conversation but that it was probable that Mr. Barker did tell him that credit could not be extended without personal guaranties as all of the officers of Perry Industries, including respondent Donald Giesler, did execute unconditional guaranties.

Mr. Barker testified that after he received the personal guaranties of the officers of Perry Industries, a decision was made to extend credit. According to Mr. Barker, credit was available to Perry Industries beginning in June 1979. Perry Industries, however, did not make purchases on a credit basis until 1981. Mr. Barker explained that would not be unusual since C.O.D. customers receive a lower price than credit customers.

Mr. James, a former salesman for appellant Riberglass, Inc., testified that he did not think Perry Industries was granted credit until June 1981 when Mr. Barker, appellant's credit manager, met with the general manager of Perry Industries. Mr. James testified, however, that he never saw the credit application or personal guaranties submitted by Perry Industries, nor did he ever ask the credit manager about their credit status.

Respondent answered appellant's complaint with a general denial. At trial, respondent admitted signing the guaranty and testified he never tried to withdraw the guaranty. Respondent, however, claims he

was never given notice of appellant's approval or rejection of credit and thus was not given notice of acceptance of his guaranty offer. According to respondent, credit was not extended in 1979 in reliance on the personal guaranties by Perry Industries' officers, but rather credit was extended in 1981 after a meeting in which the improved financial condition of the company was discussed.

In his first allegation of error, respondent contends the trial court erred in giving Instruction No. Six because it did not contain a complete statement of the ultimate facts necessary to sustain a verdict for appellant. It is respondent's contention that the instruction failed to require a finding of "offer and acceptance" and "reliance" on the guaranty. Respondent asserts that his offered instruction, patterned after MAI 26.01, the verdict directing instruction for breach of a unilateral contract, should have been accepted by the court and submitted instead of Instruction Six.

■ In Instruction Six, the court instructed the jury as follows:

Your verdict must be for Plaintiff against Defendant Giesler if you believe:

First, at Perry Industries' request Plaintiff furnished to Perry Industries certain goods and materials between January 12, 1982 and April 9, 1982, and

Second, Plaintiff charged a total of $35,907.54 for such goods, and

Third, Plaintiff's charges were reasonable, and

Fourth, Defendant Giesler guaranteed to pay any indebtedness of Perry Industries owing to Plaintiff, unless you believe Plaintiff is not entitled to recover by reason of Instruction Number 7.

It was uncontroverted that Perry Industries submitted a credit application to appellant Riberglass, Inc. Respondent admitted he executed the unconditional guaranty and sent it to appellant. The evidence showed the personal guaranties by officers of Perry Industries were in response to a request by appellant. Respondent's actions in submitting the guaranty constituted the "offer." Appellant's actions in extending credit constituted the "acceptance." It is not error for an instruction to assume uncontroverted facts. *Weisman v. Herschend Enterprises, Inc.,* 509 S.W.2d 32, 37 (Mo.1974). Respondent claims notice of acceptance by appellant was required as an element of a guaranty contract. There is no requirement that the guarantor be given notice of acceptance of the guaranty where the guaranty, as here, is requested by the creditor. *Don L. Tullis & Associates, Inc. v. Gover,* 577 S.W.2d 891, 898 (Mo.App.1979); *Miner v. Bennett,* 556 S.W.2d 692, 695 (Mo.App.1977).

Respondent also contends that reliance on the guaranty is a necessary element of a guaranty action and should have been included in appellant's verdict directing instruction. According to respondent, credit was not extended by appellant in reliance on the guaranty. Rather, credit was extended due to a meeting, two years after the guaranties were executed, between appellant's credit manager and the officers of Perry Industries concerning the improved financial condition of the company. Respondent is in effect contending the extension of credit was not in consideration for execution of the guaranty.

■ Failure of consideration is an affirmative defense, Rule 55.08, and as such must be pleaded. Rule 55.01. Respondent answered with only a general denial. It is not error for a trial court to refuse to instruct on grounds not pleaded. *Zipp v. Gasen's Drug Stores, Inc.,* 449 S.W.2d 612, 621 (Mo.1970).

■ Assuming that "offer and acceptance" and "reliance" were necessary elements of appellant's case, the converse instruction adequately instructed the jury on those issues:

Your verdict must be for defendant Giesler if you believe:

First, that defendant Giesler's offer to guarantee payments was rejected by plaintiff Riberglass, or

Second, that defendant Giesler's offer to guarantee lapsed by the passage of a reasonable amount of time.

Appellant's verdict directing instruction and the converse instruction, when read together, sufficiently instructed the jury on the alleged deficiencies asserted here. The jury was properly instructed on the issues in the case and respondent sustained no prejudice. Point denied.

■ In his second point, respondent contends the trial court erred in failing to submit an instruction defining the term "guaranty" and thus the action of the trial court in granting respondent's motion for new trial should be affirmed. MAI Nos. 11.00–16.06 (2d ed.) do not require the term "guaranty" be defined. "Words in instructions which have common usage and which are generally understood need not be defined." *Steffens v. Paramount Properties, Inc.*, 667 S.W.2d 725, 727 (Mo.App. 1984).

The term "guaranty" as used in the context of this case was used in a non-technical sense conforming to common usage of the word. Moreover, the record before us fails to show respondent requested the trial judge to define the term or that respondent tendered an instruction defining the term. "Having failed to request such a definition at the time of the instruction conference, [a party] will not be heard on appeal to complain that such a not-in-MAI instruction should have been given." *Valiant v. American Family Mutual Insurance Co.*, 698 S.W.2d 584, 587 (Mo.App.1985); *Jarrell v. Fort Worth Steel & Manufacturing Co.*, 666 S.W.2d 828, 837 (Mo.App.1984).

We reverse and remand with instructions to reinstate the judgment in favor of plaintiff-appellant.

SMITH, P.J., and REINHARD, J., concur.