**BOATMEN'S FIRST NATIONAL BANK OF KANSAS CITY, Respondent,**

v.

**ROOFCO SYSTEMS, INC., et al., Defendant,**

**Kenneth E. Stine, Jr., Appellant.**

**No. WD 45779.**

Missouri Court of Appeals, Western District.

May 4, 1993.

Edward J. Essay, Jr., Kansas City, for appellant.

Frank P. Barker, III, and David A. Clark, Kansas City, for respondent.

Before BRECKENRIDGE, P.J., and SHANGLER and KENNEDY, JJ.

SHANGLER, Judge.

The plaintiff Boatmen's First National Bank of Kansas City had judgment for $77,565.84 against defendants Roofco Systems, Inc. and Kenneth E. Stine, Jr., jointly and severally, on the obligations of two promissory notes. The principal amount of the notes were $24,000 and $29,000 respectively, each bore interest at the rate of 11.5% per annum at maturity and 13.5% after maturity. The notes also provided for the payment of the costs of collection and for an attorney's fee. Roofco was the maker of the notes, and Stine was a guarantor. The amounts due under the notes are not disputed. Stine appeals from the judgment.

The judgment entered against Stine is under a writing of continuing guarantee executed by Stine on November 6, 1987. The loans to Roofco were made on October 18, 1988, and October 19, 1988.

Stine argues that the judgment against him on his writing of guarantee was erroneous because there was no evidence before the court that Boatmen's relied on the guarantee to make the loans to Roofco. The argument cites *Bethany Trust Co. v. Harker*, 780 S.W.2d 151 (Mo.App.1989). In *Bethany*, the guarantee was given in April, 1974 and the promissory note guaranteed was given in March 1984, ten years later. The maker of the note defaulted and the bank sued the guarantor for recovery. The bank pleaded that it had made the loan

in reliance upon the guarantee, but at the trial, the bank officer testified he could not say that he did. *Bethany* cited § 88 of the RESTATEMENT (SECOND) OF CONTRACTS, to the effect that a promise to be surety for the performance of a contractual obligation, made to the obligee, is binding if (1) the promise is in writing, signed by the promisor and recites a supported consideration; or (2) the promise is made binding by statute; or (3) the promisor should reasonably expect the promise to induce action or forbearance on the part of the promisee or third person, and the promise does induce such forbearance. The guarantee in *Bethany* did not recite a consideration and no statute made it binding; thus, in the absence of proof that the promisee bank relied upon the guarantee to make the loan, a cause of action on the guarantee was not proven.

Here, the promise to guarantee was in writing, signed by the promisor and recites a supported consideration:

## GUARANTEE

In consideration of Boatmen's Raytown Bank,[1] (hereinafter "Bank") making advances of money or otherwise giving credit to Roofco Systems, Inc. (hereinafter "Borrower"), the undersigned does hereby guarantee the full and prompt payment to said Bank of all indebtedness, obligations and liabilities of said Borrower to said Bank now existing or hereafter created or arising. This is a continuing, absolute and unconditional guarantee and shall continue in force with respect to all indebtedness of the Borrower until terminated as to the undersigned upon receipt of written notice by the Bank from such undersigned to that effect ...

▉ A guarantee is a contract and so must be supported by consideration. *Mercantile Trust Co. v. Carp*, 648 S.W.2d 920, 923[5–7] (Mo.App.1983). However, the consideration need not move only between the creditor and guarantor. Rather, benefit to

---

1. Boatmen's Raytown Bank merged with Boatmen's First National Bank of Kansas City, the plaintiff here, after the execution of the guarantee agreement and loans evidenced by the promissory notes.

the debtor primarily liable, or detriment to the creditor suffices as consideration to support a contract of guarantee. Nor is it necessary that the guarantor derive any benefit from either the principal contract or the contract of guarantee. *Id.* A continuing guarantee, as here, is simply a divisible offer for a series of separate unilateral contracts. And each loan advanced is the acceptance of the divisible offer to guarantee each loan as well as the consideration that supports each resultant unilateral contract. *Boatmen's Bank v. Community Interiors, Inc.,* 721 S.W.2d 72, 79[15, 16] (Mo.App.1986); *Mercantile Trust Co. v. Carp,* 648 S.W.2d at 923[5–7].

The contention that reliance on the guarantee is a necessary element of an action on such a contract is more aptly understood to assert that the extension of credit was not in consideration for execution of the guarantee. *Riberglass, Inc. v. Giesler,* 720 S.W.2d 37, 39[1] (Mo.App. 1986). Failure of consideration, however, is an affirmative defense and must be pleaded. Rules 55.01 and 55.08. That defense was not pleaded and was not before the trial court, nor now before us on appeal.

The point is denied.

The defendant poses as other points on appeal that the judgment was erroneous because (1) the plaintiff Boatmen's First National Bank of Kansas City was without standing to sue defendant Stine; (2) the evidence failed to make a submissible case and so the judgment may not stand as a matter of plain error; (3) there was no evidence the notes were in fact in default; (4) there was no evidence that the Boatmen's made proper demand for payment upon Roofco and Stine; and (5) there was no evidence that the defendant failed or otherwise refused to pay after demand.

These contentions of legal error, except that Boatman's lacks standing to sue, go without essential argument or citation of authority and rest on the assertions as of self-evident validity.

In support of the contention of lack of standing to sue, defendant Stine cites *Missouri Farmers Ass'n v. Wolf Bros. Farm,*

*Inc.,* 681 S.W.2d 15 (Mo.App.1984) for the principle that "a guarantor will be released from his undertaking by any material alteration of the original obligation or duty to which the guaranty relates unless he consents thereto." The argument of lack of standing rests on the premise that the notes were executed by Roofco as payable to Boatmen's Raytown Bank and not Boatmen's First National Bank of Kansas City. The guarantee also ran to Boatmen's Raytown and not Boatmen's First National. Thus, presumably, the original guarantee obligation undertaken by Stine was changed without his consent, and so Stine was released from the guarantee.

The contention that the plaintiff lacks legal capacity to sue is a defense and is waived if not pleaded or raised by motion. Rule 55.27(a)(9) and 55.27(g)(1). Stine entered a general denial to the allegations of the petition. A general denial does not join the issue, but rather admits the capacity in which the plaintiff sues. *Fireman's Fund Ins. Co. v. Panco Forwarding, Inc.,* 739 S.W.2d 543, 544[1] (Mo. banc 1987). Moreover, by the express terms of the guarantee, Stine consented that the guarantee "shall inure to the benefit of the Bank and its successors."

The point is denied.

As noted, the other contentions on appeal are postures, and not developed legal arguments supported by authority as our rules of appellate procedure expect. Rules 84.-04(a), (d), (e). The contentions that "there was no evidence presented by the plaintiff or through exhibits", that "Roofco was in default in its notes, or that a demand for payment had been made" and that Roofco and Stine refused to pay, are in any event frivolous.

The defendant Roofco did not appeal the judgment; only Stine appealed. At the trial, at the conclusion of plaintiff Boatmen's case, neither of the defendants, Roofco or Stine, presented evidence. The court inquired of counsel, who was representing both Roofco and Stine [President of Roofco], whether the defendants proposed to offer evidence or stand on the record be-

fore the court. Counsel answered: "Your Honor, may I say as far as Roofco is concerned Roofco does not dispute its liability on the note ... The particular disagreement is Mr. Stine's liability as an alleged guarantor to these loans, yes, that's the issue." Counsel explained to the court: "Our position is simply that the loans were not made by their own terms in reliance of only guaranteeing Mr. Stine, and I would like to supplement a short written brief within a week's time." And, indeed, that was the trial theory of the defendant Stine and the theory on appeal as well.

■ That is the theory upon which we are bound to decide the appeal, and do decide the appeal. *Herrington v. Hall,* 624 S.W.2d 148, 153[6] (Mo.App.1981).

The judgment is affirmed.

All concur.