**Vincent D. VOGLER, an individual d/b/a Vincent D. Vogler & Associates, Plaintiff/Respondent,**

v.

**REAL EARTH UNITED STATES ENTERPRISES, INC. and R. Steven Powell, Defendants/Appellants.**

**No. 66941.**

Missouri Court of Appeals, Eastern District, Division Two.

Oct. 10, 1995.

---

Richard Alan Cooper, Danis, Cooper, Cavanagh & Hartweger, L.C., St. Louis, for appellants.

Richard R. Vouga, Lori F. Zavack, Goldstein & Vouga, P.C., St. Louis, for respondent.

CRANDALL, Judge.

Defendants, Real Earth United States Enterprises, Inc. (REUSE) and R. Steven Powell, appeal from the judgment of the trial court, entered pursuant to jury verdicts, in favor of plaintiff, Vincent D. Vogler, d/b/a Vincent D. Vogler & Associates, in an action to collect legal fees. The jury assessed damages in the amount of $11,484.81. We affirm.

The evidence, viewed in the light most favorable to the verdicts, established that at all times pertinent to the litigation, R. Steven Powell was a shareholder and executive vice president of REUSE, a company involved in waste recycling and disposal. Plaintiff was an attorney whose firm, Vincent Vogler & Associates, employed Thomas E. Manns as an associate attorney and paid him a salary. In addition, Vogler's firm billed Manns' clients for services rendered by Manns and then split those fees with Manns on a percentage basis.

In November 1991, Powell and another officer of REUSE met with Manns at Vogler's offices to discuss Manns' preparing a stock offering memorandum for REUSE. Manns, on behalf of Vogler's firm and with Vogler's approval, sent REUSE an engagement letter, dated November 15, 1991. The engagement letter provided that the charge for Manns' preparing the stock offering memorandum for REUSE would be $15,-000.00, with a $5,000.00 initial payment and the remaining $10,000.00 payable upon completion of the stock offering; and $120.00 per hour for additional work, particularly research to determine if the stock offering complied with the securities laws of states other than Missouri.

Manns completed a draft of the offering memorandum by January 1992. Manns left Vogler's employ in April 1992, forming his own law firm. He took the REUSE account with him as his own client. Problems subsequently arose in connection with the offering memorandum which required revisions to the memorandum. The stock offering, however, never took place and expired by its own terms in June 1992. From January through June 1992, Manns also worked for REUSE on another project involving a contract for waste disposal with a city in the State of Florida. Powell terminated Manns' services in July 1992.

Powell paid for legal services rendered to REUSE either by Vogler's firm or by Manns' firm with checks drawn on his personal account. In a telephone conversation in July 1992, Powell agreed to personally pay the fees owed both to Manns' and Vogler's firms in return for those bills not being immediately pursued for collection against REUSE. Sometime after the telephone conversation, Manns received payment for the legal services he rendered after he left Vogler's employ; but bills amounting to $11,-484.81 for legal services rendered by Manns when he was employed by Vogler's firm remained unpaid.

In April 1993, Vogler brought the present action for the unpaid legal fees against REUSE, Powell, and another officer of REUSE, who was later dismissed out of the lawsuit. Vogler's petition pleaded, *inter alia*, a quantum meruit claim against REUSE (Count I) and a breach of contract claim against Powell (Count II). The jury returned verdicts in favor of Vogler on Count I in the amount of $11,484.81 and on Count II in that same amount. The trial court entered judgment in the amount of $11,484.81 against both defendants.

In their first point, defendants contend the trial court erred in overruling their motion for directed verdict because Manns was a necessary party to the action. They argue that Manns had a financial interest in the litigation; and under Rule 52.04(a), they were "subject to a substantial risk of incurring double, multiple or otherwise inconsistent obligations."

■ Rule 52.04 sets forth the standard for joinder of persons needed for a just adjudication. If the court determines that a party is necessary, then the court shall order that he be made a party. *Claas v. Miller*, 806 S.W.2d 141, 144 (Mo.App.1991).

■ Manns was not a necessary party to the present action. He was Vogler's employee and contracted with defendants for legal services as an agent of Vogler's law firm. Vogler's firm billed defendants for legal ser-

vices rendered by Manns. Although Vogler's firm was to pay Manns a percentage of the legal fees collected, that fact alone does not indicate that Manns had a financial interest in the litigation between defendants and Vogler. The agreement regarding the splitting of legal fees was between Vogler and Manns, not between Manns and defendants. *See Denton v. Mitchell,* 262 S.W.2d 639, 645 (Mo. App.1953). The fee splitting agreement was separate and distinct from the contract for legal services, a contract which Vogler had the right to enforce against defendants.

In addition, Manns renounced to the court in writing any claim against defendants. Manns thus released defendants from any potential liability to him for legal fees earned while he was in Vogler's employ. Manns did not have a financial interest in the litigation and defendants were not subject to double liability for the legal fees. The trial court did not err in refusing to find Manns a necessary party to Vogler's action against defendants. Defendants' first point is denied.

In their second point, defendants assert that the trial court should have directed a verdict in their favor because Vogler was not entitled to recover in quantum meruit. They argue that because there was an express contract for legal services, the only cause of action against them was on the contract.

Where there is an express contract between attorney and client, the proper form of action by which to enforce payment is by an action at law on the contract. *Kramer v. Fallert,* 628 S.W.2d 671, 675 (Mo.App.1981). In the absence of a right to recover on an express contract, the remedy would lie in quantum meruit. *Id.*

Where the promisor repudiates his obligation before the time for performance has arrived, the promisee has the option to treat the agreement as broken and bring an action for recovery of damages, e.g., on a quantum meruit theory, or to treat the repudiation as inoperable and await the time when the agreement is to be performed and then hold the promisor for all the consequences of nonperformance. *Reed v. Reberry,* 883 S.W.2d 59, 64 (Mo.App.S.D.1994). Where there is an express contract for legal

fees between the parties, the attorney's recovery must lie on the contract and not in quantum meruit unless the attorney was discharged prior to the performance that would give rise to the obligation to pay the fee. *Nangle v. Brockman,* 845 S.W.2d 619, 620 (Mo.App.E.D.1992).

Although in some instances recovery under a quantum meruit theory cannot exceed the contract amount, application of that rule is not universal. *Estate of Moore,* 802 S.W.2d 192, 195 (Mo.App.1991). The rule placing a restrictive limitation on the recovery allowable in a quantum meruit action is applicable only in those instances where the action had its inception in a contract where the compensation was fixed or was susceptible of being accurately ascertained. *Id.* at 196. The contract price may be introduced as evidence of the reasonable value of the services rendered. *Steinberg v. Fleischer,* 706 S.W.2d 901, 907 (Mo.App.1986).

Here, the engagement letter stated that $10,000.00 was due upon completion of the stock offering, which never occurred. Defendants discharged Manns after they received the draft of the offering memorandum but before the stock offering took place. Manns completed his performance under the contract by drafting the offering memorandum. Defendants' failure to proceed with the stock offering did not bar recovery of attorney's fees for the work Manns performed. Because full performance of the contract for legal services was prevented by defendants, Vogler had the option of proceeding under a quantum meruit theory of recovery for legal services performed for and accepted by defendants. The jury properly considered the compensation set forth in the contract for legal services as evidence of damages on the quantum meruit claim. The trial court did not err in permitting Vogler to recover in quantum meruit. Defendants' second point is denied.

In their fifth point, Defendants allege the trial court erred in not directing a verdict in favor of Powell because there was insufficient consideration for his oral promise to personally pay the attorney's fees owed by REUSE. Powell's promise to pay legal fees was given in return for Vogler's promise not to pursue payment from REUSE at that point in time.

Restatement (Second) of Contracts § 88 (1979) provides that a promise to be surety for the performance of a contractual obligation, made to the obligee, is binding if (1) the promise is in writing, signed by the promisor and recites a supported consideration; (2) the promise is made binding by statute; or (3) the promisor should reasonably expect the promise to induce action or forbearance on the part of the promisee or third person, and the promise does induce such action or forbearance. A guarantee is a contract and must be supported by consideration. *Boatmen's First Nat. Bank of Kansas City v. Roofco Systems Inc.*, 852 S.W.2d 402, 403 (Mo.App.1993). Benefit to the debtor primarily liable, or detriment to the creditor, suffices as consideration to support a contract of guarantee. *Id.* at 403-404. It is not necessary that the guarantor derive any benefit from either the principal contract or the contract of guarantee. *Id.* at 404.

Here, it was not necessary that Powell derive any benefit from the promise to pay REUSE's debt in order for there to be consideration for his promise. There was detriment to Vogler which sufficed as consideration. Vogler's forbearance from proceeding with the legal remedies available to him to collect the attorney's fees constituted adequate consideration for Powell's promise to pay the fees. Defendants' fifth point is denied.

Defendants raise three additional points on appeal. We have reviewed those points and find that they are without merit. No error of law appears. An opinion would have no precedential value. The remaining points are denied in accordance with Rule 84.16(b).

The judgment of the trial court is affirmed.

DOWD, J., concurs.

CRAHAN, P.J., concurs in part and dissents in part in separate opinion filed.

CRAHAN, Presiding Judge, concurring in part and dissenting in part.

I concur in the majority opinion except for its disposition of the claim against Powell individually. I would reverse the judgment against Powell because Vogler failed to establish any consideration for Powell's alleged promise to pay its fee.[1]

The majority finds consideration in the form of a detriment allegedly suffered by Vogler in delaying suit against the corporation, REUSE. The record, however, establishes that REUSE was insolvent from the moment it retained Mann/Vogler to prepare the offering memorandum to the time of trial. Mann was fully aware of REUSE's lack of funds from his work on the offering memorandum. That knowledge is fully attributable to Vogler. Further, all of the payments that were made for the initial deposit, expenses advanced by Vogler, and other work performed by Mann after he left Vogler were made by personal check from Powell.[2] Thus, Vogler could not reasonably have believed it was suffering any detriment by delaying suit against REUSE. It never had any reason to believe that a judgment against REUSE would ever be collectible. Moreover, the delay did not prevent Vogler from obtaining a judgment against REUSE. Accordingly, I would reverse the judgment against Powell individually.

---

1. Powell denied that he ever promised to pay any part of the fee attributable to Mann's preparation of the original offering memorandum.

2. Powell testified that he considered these payments as advances to the corporation.