**H. J. CROSS, d/b/a H. J. Cross Construction Company, Plaintiff-Appellant,**

**v.**

**LADUE SUPPLY, INC., Defendant-Respondent.**

**No. 32770.**

St. Louis Court of Appeals.

Missouri.

Dec. 19, 1967.

Rehearing Denied Jan. 18, 1968.

Barnard, Timm & McDaniel, Walter F. Timm, St. Louis, for plaintiff-appellant.

Armstrong, Teasdale, Kramer & Vaughan, Kenneth S. F. Teasdale, John J. Cole, St. Louis, for defendant respondent.

BRADY, Commissioner.

This action began in the magistrate court upon plaintiff's petition alleging defendant's breach of contract and seeking judgment as damages therefor in the sum of $1,296.00. The answer was a general denial. The magistrate court entered judgment in favor of defendant and plaintiff appealed to the circuit court. After jury-waived trial the circuit court entered judgment in favor of defendant on June 1, 1966. On June 10th plaintiff filed his motion to amend the judgment with an alternative motion for new trial. On October 14, 1966 the circuit court rendered its findings of fact and conclusions of law as a result of which it "reversed" the earlier judgment of June 1st in favor of defendant and entered judgment in favor of plaintiff in the sum of $1,296.00. On October 20, 1966 defendant filed a motion to vacate the trial court's order of October 14th based on the ground that court was without jurisdiction to enter the order of October 14th by reason of the expiration of more than ninety days from the date of filing plaintiff's after-trial motion. (See Civil Rule 78.04, V.A.M.R.) That motion was never ruled upon but in order to preserve his contentions for review plaintiff filed a motion with this court praying that he be granted permission to file notice of

appeal by special order pursuant to Civil Rule 82.07, V.A.M.R. We granted plaintiff such permission provided he do so within ten days from the receipt of notice of our order. Plaintiff complied with this provision and as therein provided filed his notice and appeal from the judgment of the circuit court entered June 1, 1966 in favor of defendant and against plaintiff. Accordingly, plaintiff filed the first brief and has otherwise proceeded as appellant in this court. He seeks reversal of the judgment of June 1, 1966 and entry of judgment in his favor.

There is no serious dispute as to the facts. In order to prepare a bid as general contractor for a high school addition to be built by the Bayless School District plaintiff sent postcard notices to prospective suppliers and subcontractors. The postcard received by defendant invited it to submit a proposal for furnishing materials and labor involved in the installation of a protective roof decking known in the trade as "Tectum roof decking or Tectum decking" on the addition. At the time (1960) the witness Green was a sales engineer employed by defendant and acted as an estimator for it. He examined the plans and specifications and on June 15, 1960, the day the bids were due, telephoned a bid to plaintiff in the amount of $627.00. In this telephoned bid the amount stated was for 775 square feet which Green testified he assumed to be the entire roof of the high school addition. In submitting his bid to the school district plaintiff used the sum submitted by defendant and on the evening of June 15th was advised that his bid as general contractor had been accepted. He commenced work shortly thereafter. By letter of July 21st defendant, acting through Green, confirmed its oral proposal and bid. The letter then sent to plaintiff read as follows: *"Proposition 1*: High school addition and alterations. To furnish the labor and material, 2½″ Tectum plank for approximately 775 square feet for the sum of—Six Hundred and Twenty-Seven Dollars, ($627.00). * * *

Complete drawings will be submitted for your approval before work begins. Thank you for the privilege to work with you. We appreciate your business very much. Sincerely yours, LADUE SUPPLY, Inc. /s/ Marion A. Green, Marion A. Green, Sales Engineer ACCEPTED /s/ H. J. Cross Prop. 1 yes * * * DATE: July 23/60 TERMS: Net 30 days."

Green testified that when he entered the bid on behalf of defendant he was doing it on the basis of a bid for the entire roof but later discovered he had figured it incorrectly as to the quantity required. When he discovered his error defendant wrote plaintiff as follows: (Exhibit 3, dated August 29, 1960) "Reference is made to our signed contract for furnishing the labor and material for approximately 775 square feet of 2½″ Tectum plank for the sum of—Six Hundred and Twenty-Seven Dollars, ($627.00). However, upon detailing the job, we discover that there is an area of approximately 2,890 square feet of Tectum required. To furnish this quantity, add the sum of—Eight Hundred and Sixty-Seven Dollars, ($867.00) to the basic contract." Plaintiff refused to add any additional amount to the bid and by letter informed defendant he expected defendant to furnish all the Tectum roof decking needed upon the job for $627.00 and that if defendant did not do so by a given date plaintiff would purchase this material elsewhere, thereafter proceeding against defendant for the increased cost and expenses occasioned thereby. Defendant refused to supply all the Tectum roof decking and do the installation for the sum of $627.00 and plaintiff employed another firm to supply and install it at a price of $1,923.00. The difference between this sum and the amount of $627.00 found in plaintiff's Exhibit 1 is $1,296.00 which amount plaintiff seeks as damages for breach of contract.

The determinative issue in this appeal is whether Green's undisputed testimony defendant's bid was intended to be for the

entire roof compels a decision in plaintiff's favor. As earlier stated herein the trial court ultimately so held and entered judgment for plaintiff on that theory although it did so at a time when its prior decision to the contrary could not be so changed.

■ Plaintiff's contention cannot be sustained for at least two reasons. First, it has long been the rule in this jurisdiction, as it is generally throughout the nation, that absent ambiguity courts are not privileged to resort to rules of construction or interpretation such as giving effect to the intention of the parties. When the contract speaks plainly and unequivocally, the language used must be given its plain meaning and enforced as written. Community Federal Sav. & Loan Ass'n v. General Casualty Co. (8th Cir., 1960), 274 F.2d 620. The contract here involved was that consummated by plaintiff's acceptance on July 23rd of defendant's offer of July 21st. By the terms of the contract defendant was "To furnish the labor and material, 2½" Tectum plank for approximately 775 square feet for the sum of—Six Hundred and Twenty-Seven Dollars, ($627.00)." This contract reduced to writing and merged within it all prior negotiations which, in this case, involved amounts and quantities which were the same as those stated in the final written contract. It is unambiguous and unequivocal. Under such circumstances Green's testimony of his intention the bid cover all the roof cannot be allowed to vary the plain language of the contract calling for 775 square feet of Tectum decking.

Another reason plaintiff cannot prevail in the instant case springs from a basic inquiry applicable to those cases involving contracts; i. e., what was the offer accepted? In the instant case defendant did not offer to furnish labor and materials for the roof of this addition at the stated price regardless of Green's testimony of his intention to do so. Green conditioned defendant's offer upon the roof requiring the quantity of decking stated; i. e., 775 square feet. As so conditioned in Exhibit 1 plaintiff accepted the offer and thus irrevocably accepted the condition. The situation is analogous to that found in Sharp Bros. Contracting Co. v. Commercial Restoration, Inc., Mo.App., 334 S.W.2d 248. In Sharp Bros. the condition involved was a time limit set for acceptance of the subcontractor's bid. Therein the court held: "It is a basic principle of law, we think, that a general contractor may, if he chooses, specify the conditions under which he will receive, accept and consider bids from interested subcontractors. Likewise, an offeror may submit a bid or quotation with a definite time limit for acceptance on it. We know of no usage or custom that will implant upon a bid or offer conditions different from the plain wording thereof." If we substitute the condition here involved for the time limit condition involved in Sharp Bros., supra, the lack of merit in plaintiff's contention becomes readily apparent.

There was no contention made in the trial court, neither was there proof there offered, nor any contention upon appeal before us, to the effect defendant is entitled to damages for plaintiff's refusal to comply with its contract for 775 square feet of Tectum decking at $627.00. In short, defendant's whole position has been to avoid the contract plaintiff claims it entered into rather than enforcing the contract which was in fact made by these parties. Accordingly, although we are empowered to enter such judgment as should have been entered when reviewing jury-waived cases, it is unnecessary for us to rule upon the validity of the contract for 775 square feet of Tectum decking and the possible liabilities of the plaintiff for his refusal to allow defendant to perform that contract. That issue is not before us as we are bound by the theories of the parties in the trial court.

The judgment of June 1, 1966, is affirmed. Plaintiff shall pay the costs of this appeal.

PER CURIAM:

The foregoing opinion by BRADY, C., is adopted as the opinion of the court. The judgment of June 1, 1966, is affirmed. Plaintiff shall pay the costs of this appeal.

ANDERSON, P. J., and RUDDY and WOLFE, JJ., concur.