Harry A. KRAMER, Jr., et al.,
**Plaintiffs-Respondents,**

v.

Charles B. FALLERT, Catherine E. Fallert
and Fallert Tool & Engineering Company, Inc., Defendants-Appellants.

No. 42898.

Missouri Court of Appeals,
Eastern District,
Division Two.

Dec. 15, 1981.

Rehearing Denied Feb. 19, 1982.

---

Michael J. McAvoy; Fenton, Love, Lacks, McMahon & Schwartz, Clayton, for defendants-appellants.

John Quinn, Frank Gundlach, St. Louis, for plaintiffs-respondents.

PUDLOWSKI, Presiding Judge.

Suit for attorney's fees. Appellants Charles and Catherine Fallert (Fallerts) and Fallert Tool and Engineering Co., Inc. (hereinafter Fallert Tool) appeal from the granting of a motion for summary judgment. We reverse.

Respondents represented appellants, the Fallerts, in the purchase of McClain Tool Co., a small machine tool business owned by Eugene F. McClain and his wife. Fallert Tool, a Missouri corporation, was formed and acquired title to the business. Fallert Tool executed a promissory note in the amount of $41,000 to the McClains and the Fallerts personally guaranteed it. Fallert Tool defaulted on the note. In April, 1975, the Fallerts, as guarantors, received a demand for payment from the McClain's attorney. On April 28, 1975, Fallert Tool filed suit against the McClains alleging fraud and misrepresentation in connection with the sale of the tool company's assets. On June 17, the McClains filed a counterclaim against Fallert Tool and the Fallerts, as guarantors, for the balance of the purchase price. The next day, respondents wrote a letter to Charles Fallert in his capacity as president of Fallert Tool setting out the terms of employment. When the letter was drafted respondents knew full well that the Fallerts individually were joined as third-party defendants in the McClain's counterclaim. The letter stated in part:

> Our fee for representing you in this matter will be as follows: A retainer fee of $1,000.00 is to be paid at this time.
>
> In the event we are successful in obtaining a money judgment against the McClains or a reduction in the obligation to the McClains for the balance of the purchase price, we are to be paid a fee of one-third of the net amount recovered or credited either by way of trial or settlement.

In the event the matter presently pending in the St. Louis County Circuit Court is appealed, our fee will be forty percent of the net amount recovered or credited following the appeal.

The $1,000.00 retainer fee is to be credited against any recovery. If no recovery is made, your only fee obligation will be the $1,000.00.

Respondents requested that Charles Fallert sign the letter in his capacity as president of Fallert Tool and mail it back to respondents so that the letter would constitute the contract of employment. Charles Fallert signed on behalf of Fallert Tool, indicating acceptance of those terms, and remitted a company check in the sum of $1,000.00. Neither Fallerts signed the contract in an individual capacity. On December 6, 1975, the McClains filed a second counterclaim in replevin for the return of certain equipment and property pursuant to a security agreement. There was no subsequent fee contract executed.

The matter went to trial and on January 13, 1977, the jury returned its verdict. The jury found for Fallert Tool on its claim of fraudulent misrepresentation in the amount of $63,195; and for the McClains against Fallert Tool and the Fallerts on their counterclaim in the amount of $57,195, representing principal, interest and attorney's fees. The jury also found against Fallert Tool and the Fallerts individually on the second counterclaim. This court affirmed the judgment in part, reversed the judgment against the Fallerts and Fallert Tool on the second counterclaim and reduced the $57,195 award on the McClains first counterclaim to $44,195. *Fallert Tool and Engineering Co. v. McClain*, 579 S.W.2d 751 (Mo. App.1979).

To satisfy the judgment the McClains paid $20,750 into the registry of the court. That sum represented the net award, interest and court costs. Fallert Tool, subsequently endorsed the court check and reluctantly released it to the respondents. Thereafter, respondents sent a fee bill to the appellants for services rendered in the amount of $8,525.50.[1] The appellants refused to remit any further sums for legal services rendered.

Respondents instituted suit against appellants individually and severally for the balance due. Subsequently, respondents filed an amended petition, alleging in Count I that the appellants, Fallert Tool and the Fallerts, agreed to pay the respondents pursuant to the terms of the contract entered into between respondents and Fallert Tool. In Count II, the respondents alleged a claim in quantum meruit against both appellants in that they rendered legal services to the defendants at their requests. As previously stated, the appellants filed their answer and admitted that Fallert Tool entered into a contract with respondents but denied all other allegations. No other responsive pleadings were filed by the appellants. The trial court rendered summary judgment on Count I in favor of respondents in the amount of $8,790.80. The court in its Findings of Fact and Conclusions of Law held that the computations made on the May 18, 1979 bill were correct and:

> ... [A]s a matter of law ... Charles B. Fallert and Catherine E. Fallert intended to compensate plaintiffs for the defense of the claims against them in the same manner that Fallert Tool & Engineering Co., Inc. agreed to compensate plaintiffs for the original suit; i.e., the fee contract set forth in the June 18, 1975 letter, and the Court finds that plaintiffs intended to be compensated by the Fallerts in that manner as well....

1. FEE CALCULATIONS:

| | |
|---|---|
| Judgment against McClains | $63,195.00 |
| Reduction of $57,195 judgment | 13,000.00 |
| Total Recovery and Credit | $76,195.00 |

| | |
|---|---|
| Forty % of $76,195.00 per contingent fee arrangement | $30,478.00 |
| Less retainer paid 8–29–75 | 1,000.00 |
| Total Fee Due | $29,478.00 |
| Total Expenses | 62.80 |
| Total Amount Due | $29,540.80 |
| Paid 6–7–79 | $20,750.00 |
| Balance Due | $ 8,790.80 |
| Less Court cost refund 7–30–79 | 265.30 |
| Final Balance Due | $ 8,525.50 |

Initially we note that a summary judgment is proper only when the court determines from the pleadings, depositions and affidavits on file that there are no material issues of fact and that movants are entitled to a judgment as a matter of law. *Gunning v. State Farm Mutual Automobile Ins. Co.*, 598 S.W.2d 479, 481 (Mo.App.1980). We review the record in the light most favorable to the party against whom the motion was sustained and determine if a genuine issue of fact exists. *Weber v. Les Petite Academies, Inc.*, 490 S.W.2d 278, 280 (Mo.App.1973). In our review of the sufficiency of the evidence to support the summary judgment, this court may enter such judgment as the trial court ought to have given, if the facts and the law so dictate. *Brown v. Prudential Ins. Co. of America*, 375 S.W.2d 623, 628 (Mo.App.1964). Rule 84.14.

We review the appellants' contentions of error in the order of their presentation. In their first point relied on, appellants assert that the trial court incorrectly construed the computation of the contingent fee contract. We agree. The trial court found that respondents were entitled to 40% of the amount of the fraudulent misrepresentation judgment ($63,195), *and* the amount by which the counterclaim was reduced ($13,000).

█ In addressing appellants' first contention we are reminded that a contract for attorney's fees between "attorney and client should be construed under the same rules of construction as apply to any other contract." *Wilson v. Goldman*, 104 S.W.2d 681, 682 (Mo.App.1937). Where a contract speaks plainly and unequivocally, language used must be enforced as written. *Cross v. Laude Supply, Inc.*, 424 S.W.2d 108, 110 (Mo.App.1967). "The words of a contract are to be given the plain and ordinary meaning they impart, unless they are technical or trade terms, in which case, they are to be given the meaning accorded to them in the trade or business." *Foley v. Walnut Associates*, 597 S.W.2d 685, 689 (Mo.App.1980).

The knotty issue in construing this contract is the phrase, "net amount recovered or credited." The term "net amount recov-ered" is frequently used in attorney-client contingent fee contracts and we will accord it the meaning the authorities have given it. While we have not found nor have the parties to this appeal suggested a Missouri case on the exact point, what law there is holds, that an attorney is entitled to a percentage of the amount of the verdict after it is reduced by any counterclaim or offset.

The general rule states that a percentage of the recovery entitles the attorney to a percentage of any amount collected under the judgment. The amount actually recovered, within the meaning of this rule, "is the *net amount* recovered, that is, the amount allowed by the judgment less the amount of any claim, expense, or offset that may properly be deducted therefrom" 7A C.J.S. Attorney & Client § 322, p. 621 (emphasis added). Thus, a verdict in favor of the defendant on a counterclaim, which reduces the amount realized by the plaintiff on his claim, should be deducted from the judgment for plaintiff before the attorney takes his percentage under the contingent fee contract. *Woolridge v. Bradbury*, 215 S.W. 406, 407 (Ky.1919).

█ We hold that the "net amount recovered" in a contingent fee contract entitles the attorney to the stated percentage of the amount of the verdict for his client which remains after reduction by the amount of any counterclaim or offset, unless otherwise expressed. Here, the proper computation of attorney's fees in this case should be as follows:

| | | |
|---|---|---|
| Judgment against McClains | $63,195.00 | |
| Reduction of $57,195 | 13,000.00 | |
|    Gross recovery and credit | $76,195.00 | |
| Less the amount of counterclaim against Fallert Tool | $57,195.00 | |
|    Net amount recovered or credited | $19,000.00 | |
| | | |
| Forty % of $19,000 per contingent fee arrangement | | $7,600.00 |
| Less retainer paid 8–29–75 | | $1,000.00 |
|    Total Fee Due | | $6,600.00 |
| Add Total Expenses | 62.80 | |
| Less court cost refund 7–30–79 | 265.30 | |
|    Less net refund | | 202.50 |
|    Total Amount Due | | $6,397.50 |

■ The respondents are entitled to receive under the contract as compensation $6,397.50. Appellants contend that the net amount recovered is only $6,000 (the difference between $63,195 and $57,195), because the $13,000[2] reduction should not be considered. It is clear from the contract, however, that the parties to the written contract were concerned with the totality of the controversy, i.e., the liability on the promissory note as well as with recovery of a judgment for fraudulent misrepresentation. This concern was patently expressed by the reference to "being successful in obtaining a money judgment against the McClains *or* in a reduction in the obligation to the McClains for the balance of the purchase price...." The parties intended that the representation be two-pronged. The amount owed on the promissory note was credited through the efforts of the respondents on appeal by $13,000. Therefore the amount "credited" ($13,000), should have been included in the computation of the net amount recovered or credited as expressed in the agreement.

The Fallerts also contend that the court erred in holding that the Fallerts individually intended to compensate respondents under the employment contract of June 18, 1975, in the same manner as Fallert Tool. Clearly the transcript revealed no express written agreement between the Fallerts and respondents. Charles Fallert signed the June 18, 1975 contract only in his capacity as president of Fallert Tool. From the meager record we find that there was no other written contract between the Fallerts and respondents and no express intention of the Fallerts to compensate the respondents in the same manner as Fallert Tool. We need not remand this case to the trial court for a determination of whether the Fallerts had either orally or by implication intended to be parties to the aforesaid written contract as pleaded in Count I. According to our determination the respondents were, as a matter of law, only entitled to receive $6,397.50 as compensation for their services under the contract. They have in fact received $20,750.00.[3] Whether the Fallerts are liable as per the terms of the contract is a moot question for the reasons that the respondents have been fully compensated as per the contract and therefore Count I is dismissed as to all parties.

The final issue to consider is the quantum meruit claim under Count II of the complaint.[4] While this point was not raised on brief, we have carefully reviewed the entire record to determine whether Count II should be remanded or dismissed as a matter of law. *Brown v. Prudential Ins. Co. of America, supra.* Rule 84.14.

■ When there is an express contract between attorney and client, the proper form of action by which to enforce payment is by an action at law on the contract. *Baur v. Dirhold*, 82 S.W.2d 133, 138 (Mo. App.1935). In the absence of a right of recovery on the express contract, the remedy would properly lie in quantum meruit. 7A C.J.S. Attorney & Client § 339, p. 667. In Missouri a contingent fee agreement must be express, never implied. *Craig v. Jo B. Gardner, Inc.*, 586 S.W.2d 316, 324 (Mo. banc 1979). It follows that where there is an express, enforceable contingent fee agreement, the attorney is bound by the contract, and limited to the fee to which he agreed in the contract. *Powell v. Henry*, 592 S.W.2d 107, 108 (Ark.1980). He may not proceed in quantum meruit to obtain a second bite of the apple. Since we have found that a contingent fee contract existed between the respondent and Fallert Tool Co. there is no basis for allowing respondents to proceed on quantum meruit against Fallert Tool Co. Count II is dismissed as to those parties as a matter of law.

2. See, *Fallert Tool and Machinery Co. v. McClain*, 579 S.W.2d 751, 760[23] (Mo.App. 1979).

3. Although the appellants assert in their brief that the respondents were only entitled to a fee based upon the sum of $6,000, there is no explanation in the record why the appellants failed to file a counterclaim for return of the overpayment.

4. Since we reversed the trial court's decision on Count I, Count II is no longer moot.

We remand Count II for trial to determine whether respondents have a quantum meruit claim against the Fallerts. The respondents claim in their petition that the Fallerts requested and accepted respondents services. From the record the Fallerts deny the allegations. Also, the record is void to support the respondents claim that they had performed additional legal services distinct and separate from the legal services rendered to Fallert Tool. The parties should have the opportunity to submit additional evidence to support their claims.

We therefore reverse the judgment and dismiss Count I as to Fallert Tool Co., Charles Fallert, and Catherine Fallert. We dismiss Count II as to Fallert Tool Co. We remand this case to the trial court to proceed on Count II against Charles Fallert and Catherine Fallert in accordance with this opinion.

WEIER and GUNN, JJ., concur.