Donald V. NANGLE, Plaintiff–
Respondent,

v.

Freda BROCKMAN, Defendant–
Appellant.

No. 61414.

Missouri Court of Appeals,
Eastern District,
Division Two.

Dec. 8, 1992.

Motion for Rehearing and/or Transfer to
Supreme Court Denied
Jan. 21, 1993.

Application to Transfer Denied
Feb. 23, 1993.

Schwartz, Herman & Davidson, Robert Herman, Thomas G. Clear, St. Louis, for defendant-appellant.

Arthur G. Muegler, Jr., Clayton, for plaintiff-respondent.

CRANDALL, Presiding Judge.

This case arises from a dispute over attorney's fees.[1] Defendant Freda Brockman (Brockman) appeals from a grant of summary judgment awarding plaintiff Donald Nangle (Nangle), a licensed attorney, $170,000.00 for attorney's fees under a quantum meruit theory. We reverse and remand.

Brockman and Laura Press (Press) retained Nangle to represent them relative to a debt owed in their favor against Fenton Medical Building, Inc. (FMB). Brockman and Press had personally guaranteed a loan for FMB, and upon FMB's default, were subject to liability as guarantors in the amount of $153,125.00.

On September 1, 1984, Brockman and Press entered into a contingent fee agreement (collectively referred therein as "client") with Nangle, providing in pertinent part:

\*     \*     \*     \*     \*     \*

That said client hereby retains and employs said attorney to represent, appear, and act for said client in a certain matter, as follows: Fenton Medical Building judgment and collection and said attorney is authorized to do any and all things which said attorney may deem necessary and advisable to protect said client's interests, including the bringing of any and all suits against whomever said attorney may determine and the defending of any suits growing out of or relating to said matter which defense said attorney deems necessary in order to accomplish the purpose of his employment.

For said services in the premises said client agrees to pay upon demand to said attorney a sum equal to

10% of any amount obtained by settlement if settled before institution, executions or quiet title actions

Accordingly, plaintiff's motion to dismiss is moot.

1. Jurisdiction is properly vested in this court pursuant to our grant of defendant's timely motion to file an out of time appeal. Rule 81.07(a).

10% of any amount obtained after executions or quiet title actions are instituted whether by settlement, compromise or the result of trial; together with whatever reasonable and necessary expense said attorneys may pay or incur in behalf of said client in the premises and reimburse said attorney for any court costs or fees advances and said attorney hereby agrees to render such services upon the terms and conditions above set out. It is further agreed that said attorney shall have an attorney's lien as provided by statute securing the payment to said attorney of all of said sums.

\* \* \* \* \* \*

Pursuant to this agreement Nangle performed various legal services, resulting in judgment in his clients' favor. This judgment against FMB, in the amount of $153,-125.00, was then executed upon, whereby FMB transferred to Brockman individually and Brockman and Press jointly certain realty and buildings thereon. Subsequently, however, Nangle was unable to collect his fee. Nangle thereafter brought an action for attorney's fees. His petition was in two counts. Count I sought recovery for breach of contract; Count II sought recovery in quantum meruit. The trial court granted plaintiff's motion for summary judgment against Brockman individually, awarding Nangle a judgment in the amount of $170,000.00 under the quantum meruit count. Brockman appeals from that judgment.[2]

We begin by reiterating the maxim that summary judgment is a drastic remedy and should only be sustained when the moving party has shown that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. *Maryland Casualty Co. v. Martinez*, 812 S.W.2d 876, 879 (Mo.App. 1991); Rule 74.04(c).

■ Where an express, contingent fee agreement exists between the parties, the attorney's recovery of fees must lie on the contract and not in quantum meruit unless the attorney was discharged prior to such performance that would give rise to the

obligation to pay the contingent fee. *Plaza Shoe Store, Inc. v. Hermel*, 636 S.W.2d 53, 60 (Mo. banc 1982); *Kramer v. Fallert*, 628 S.W.2d 671, 675 (Mo.App.1981). *Compare Wright v. Wright*, 538 S.W.2d 750, 751 (Mo.App.1976) (reasonable value for services provided or *fixed* contract fee recoverable at attorney's election).

■ Viewing the record in the light most favorable to the party opposing the motion, the following facts are dispositive: the parties entered into an express, enforceable contingent fee contract. Nangle was not discharged prior to settlement, compromise, or trial; rather, the contingency triggering Brockman's obligation to pay had arisen. In addition, there remained factual disputes pertaining to both the meaning and legal effect of the measure of the fee—that is, the term "any amount obtained" within the contingency agreement, as well as the actual dollar amount obtained for the client. Accordingly, the trial court erred in granting summary judgment.

The judgment of the trial court is reversed and the cause is remanded.

PUDLOWSKI and GRIMM, JJ., concur.

---

2. All other claims and parties were dismissed  following the grant of summary judgment.