Susan H. MELLO, Respondent/Cross–
Appellant,

v.

Anita DAVIS, Appellant/Cross–
Respondent,

and

McDonnell Douglas, Defendant.

Nos. ED 84795, ED 84856.

Missouri Court of Appeals,
Eastern District,
Division Three.

Dec. 6, 2005.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Jan. 19, 2006.

Application for Transfer Denied
Feb. 28, 2006.

Jess W. Ullom, Joy D. McMillen, Kelly
J. Ford, St. Louis, MO, for appellant.

Susan H. Mello, St. Louis, MO, pro se.

LAWRENCE E. MOONEY, Judge.

This dispute has had, in the understated observation of the trial judge, "a torturous history." He calculated the weight of the trial-court file at forty-eight pounds. Now with an appeal and cross-appeal, that weight may have increased but, since appellate judges travel in packs, there is at least help with the heavy lifting. However, at day's end, and we fervently hope dusk is drawing nigh, there is but a single question that need be answered: Is Susan Mello entitled to additional legal fees from her former client, Anita Davis? We hold that she is not.

In remembrance of all the trees that have sacrificed life and limb in Mello's marathon pursuit of legal fees, we shall recount only the essential facts. In 1992, Anita Davis, having been laid off from her thirty-year secretarial position with McDonnell Douglas, engaged Susan Mello to represent her in a potential employment-discrimination suit against her former employer. The contingent-fee agreement provided, in pertinent part, as follows:

> Susan H. Mello will represent the undersigned in the above matter upon payment of $600.00 non-refundable fee retainer, plus the sum of 35% of all funds received (or the fair market value of non-monetary items) prior to the date the trial or other hearing is to begin; 40% of all amounts (or the fair market value of non-monetary items) received after the trial hearing date; and 45% of all amounts (or the fair market value of non-monetary items) received after the trial or hearing has ended, whether or not counsel undertakes to handle the appeal.

■ Mello filed suit against McDonnell Douglas in 1992, but before any depositions were taken, the parties settled. The former employer paid $27,500 in settlement and Ms. Davis was back at McDonnell Douglas, earning the same wages and receiving benefits. Mello retained $9,625 of the settlement as her fee. Later, Mello made an additional demand—that Davis forward 35% of her salary and benefits, including her pension, that were to be earned in the future—in satisfaction of Mello's claimed contingent fee. In 1998, Mello sued her former client and, after six years of litigation, was denied further recovery on her contract, but was awarded $33,700 in quantum meruit.

■ The judgment in quantum meruit cannot stand because there was an express contract between the parties that completely governed liability for legal fees for indivisibly rendered legal services. Where an express contingent-fee agreement exists between attorney and client, the attorney's recovery of fees must lie on the contract. *Nangle v. Brockman*, 845 S.W.2d 619, 620 (Mo.App. E.D.1992); *Kramer v. Fallert*, 628 S.W.2d 671, 675 (Mo.App. E.D. 1981). The attorney may not proceed in quantum meruit to "obtain a second bite of the apple." *Kramer*, 628 S.W.2d at 675.[1] Mello is not entitled to any attorney's fees in quantum meruit.

■ Nor can Mello recover further fees on her carelessly worded contract. The trial court held that whether the parenthetical clause relied on by Mello—"or the fair market value of non-monetary items"—should allow for an assessment based on future earnings was unclear. We

---

1. In light of our ruling, Mello's first three points on cross-appeal, involving the award in quantum meruit, are denied as moot. We also dismiss Mello's final point, wherein she complains that the trial court entered judgment on a count that she had previously voluntarily dismissed. Mello never explains how she was aggrieved or prejudiced by this judgment entry.

agree. An agreement between an attorney and client is construed by the same rules as apply to any other contract. *Kramer*, 628 S.W.2d at 674. Any ambiguity is construed against the attorney who drew the agreement. 23 Williston on Contracts § 62:4 (4th ed.2002). Construing the ambiguous clause against the drafter here, the contract did not allow for a contingent fee based on future earnings. Or, more simply put, if it was Mello's intent to have her client surrender 35 to 45% of all future earnings until the welcome hand of death freed her from this servitude, the contract needed to say as much.[2]

The judgment in quantum meruit is reversed; in all other respects, the judgment is affirmed. Mello shall recover no further attorney's fees and shall bear the costs of this appeal.[3]

KATHIANNE KNAUP CRANE, P.J., and BOOKER T. SHAW, J., concur.

---

**2.** Despite the obvious temptation, we do not reach the issue of unconscionability.

**3.** All pending motions before this Court are denied.